UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

    v.

DWAYNE EDWARDS, et al.,

        Defendants,

    -and-

OXTON SENIOR LIVING, LLC, et al.,

        Relief Defendants.

17. Civ. 393 (ES) (SCM)

### [PROPOSED] JUDGMENT AS TO DEFENDANT DWAYNE EDWARDS, THE BORROWER DEFENDANTS, AND RELIEF DEFENDANTS OXTON SENIOR LIVING, LLC, AND MANOR HOUSE SENIOR LIVING, LLC

The Securities and Exchange Commission ("Plaintiff" or "SEC"), having filed a complaint on January 20, 2017 (the "Complaint"), and the same day having filed an emergency application for an order to show cause, temporary restraining order, preliminary injunction, asset freeze, expedited discovery, and certain other relief (ECF Nos. 2-4) (the "Emergency Application"); following a hearing on the Emergency Application on January 20, 2017, the Court having entered the Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief (ECF No. 8) and the Order Appointing Receiver (ECF No. 7) (the "Receiver Order"); defendant Dwayne Edwards ("Defendant") having entered a general appearance on behalf of himself, defendants Senior Solutions of Social Circle, LLC, Oxton Place of Douglas, LLC, d/b/a Oxton Real Estate of Douglas, LLC, Rome ALF, LLC, Savannah ALF, LLC, Gainesville ALF, LLC, Waterford Place ALF, LLC, Montgomery ALF, LLC, Columbus

ALF, LLC, and Opelika ALF, LLC (collectively, the "Borrower Defendants"), and relief defendants Oxton Senior Living, LLC ("OSL") and Manor House Senior Living, LLC ("Manor House"); the Court having personal jurisdiction over Defendant, the Borrower Defendants, OSL, and Manor House; the Court having subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, Sections 20(b) and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b) and 77v(a)], and Sections 21(d), 21(e), and 27(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e), and 78aa(a)]; venue being proper in this District pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27(a) of the Exchange Act [15 U.S.C. § 78aa(a)] because acts and transactions constituting violations alleged in the Complaint, including the offer, purchase, and sale of securities, occurred within this District; Plaintiff, Defendant, the Borrower Defendants, OSL, and Manor House having reached an agreement on this proposed Judgment; Defendant, the Borrower Defendants, OSL, and Manor House having executed consents (the "Consents"), without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in Paragraph X with respect to Defendant); Defendant, the Borrower Defendants, OSL, and Manor House having waived findings of fact and conclusions of law; and Defendant, the Borrower Defendants, OSL, and Manor House having waived any right to appeal from this Judgment:

## I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant and the Borrower Defendants are each permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate

commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's and the Borrower Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or the Borrower Defendants or with anyone described in (a).

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and the Borrower Defendants are each permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

>
> made, in light of the circumstances under which they were made, not misleading; or
>
> (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's and the Borrower Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or the Borrower Defendants or with anyone described in (a).

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and the Borrower Defendants are each permanently restrained and enjoined from aiding and abetting any violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)], Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], or Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5].

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's and the Borrower Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or the Borrower Defendants or with anyone described in (a).

IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant, participating in the issuance, purchase, offer, or sale of municipal securities, provided, however, that the foregoing shall not prevent Defendant from purchasing or selling municipal securities for his own personal account.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and the Borrower Defendants shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and that OSL and Manor House shall pay disgorgement of ill-gotten gains and prejudgment interest thereon. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the SEC. Prejudgment interest shall be calculated from the dates of the violations, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the SEC's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant and the Borrower Defendants will be precluded from arguing that they did not violate the federal securities laws as

5

alleged in the Complaint; (b) Defendant, the Borrower Defendants, OSL, and Manor House may not challenge the validity of the Consents or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that pending resolution of the amounts of disgorgement, prejudgment interest, and civil penalty described in Paragraph V, Defendant, and each of his officers, agents, servants, employees and attorneys and those persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise, including facsimile transmission, electronic mail, or overnight delivery service, shall hold and retain funds and other assets of Defendant presently held by them, for their direct or indirect benefit, under their direct or indirect control or over which they exercise actual or apparent investment or other authority (including assets held in the name of or for the benefit of Defendant), in whatever form such assets may presently exist and wherever located, and shall prevent any withdrawal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any such funds or other assets, which are hereby frozen.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that pending resolution of the amounts of disgorgement, prejudgment interest, and civil penalty described in Paragraph V, all banks, brokerage and other financial institutions and other persons or entities which receive actual notice of this Judgment by personal service or otherwise, including facsimile transmissions, electronic mail, or overnight delivery service, holding any funds or other assets in the name, for the direct or indirect benefit, or under the direct or indirect control of Defendant or over which Defendant exercises actual or apparent investment or other authority (including assets in the name of Defendant), in whatever form such assets may presently exist and wherever located, shall hold and retain within their control and prohibit the withdrawal, removal, sale, payment (including, but not limited to, any charges on any credit card or draws on any other credit arrangement), transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any such funds or other assets; and that such funds and assets are hereby frozen.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consents are incorporated herein with the same force and effect as if fully set forth herein, and that Defendant, the Borrower Defendants, OSL, and Manor House shall comply with all of the undertakings and agreements set forth therein.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Receiver Order shall remain in full force and effect until further order of this Court.

## X.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil money penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## XI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## XII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

**SO ORDERED.**

Dated: Newark, New Jersey
June 9, 2017

Hon. Esther Salas
United States District Judge