UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>      v.<br><br>DWAYNE EDWARDS, et al.,<br><br>              Defendants,<br><br>  -and-<br><br>OXTON SENIOR LIVING, LLC, et al.,<br><br>              Relief Defendants. | 17. Civ. 393 (ES) (SCM) |

## [~~PROPOSED~~] FINAL JUDGMENT AS TO RELIEF DEFENDANT SHARON NUNAMAKER

The Securities and Exchange Commission ("Plaintiff" or "SEC"), having filed a complaint on January 20, 2017 (the "Complaint"), and the same day having filed an emergency application for an order to show cause, temporary restraining order, preliminary injunction, asset freeze, expedited discovery, and certain other relief (ECF Nos. 2-4) (the "Emergency Application"); following a hearing on the Emergency Application on January 20, 2017, the Court having entered the Order to Show Cause, Temporary Restraining Order, and Order Freezing Assets and Granting Other Relief (ECF No. 8) and the Order Appointing Receiver (ECF No. 7); relief defendant Sharon Nunamaker ("Relief Defendant") having entered a general appearance on behalf of herself and SDH Design, LLC; the Court having personal jurisdiction over Relief Defendant; the Court having subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, Sections 20(b) and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b) and 77v(a)], and Sections 21(d), 21(e), and 27(a) of the Securities Exchange Act of 1934

("Exchange Act") [15 U.S.C. §§ 78u(d), 78u(e), and 78aa(a)]; venue being proper in this District pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Section 27(a) of the Exchange Act [15 U.S.C. § 78aa(a)] because acts and transactions constituting violations alleged in the Complaint, including the offer, purchase, and sale of securities, occurred within this District; Plaintiff and Relief Defendant having reached an agreement on this proposed Final Judgment; Relief Defendant having executed a consent (the "Consents"), without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in Paragraph IV); Relief Defendant having waived findings of fact and conclusions of law; and Relief Defendant having waived any right to appeal from this Judgment:

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $7,500.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $242.16, for a total of $7,742.16. Defendant shall satisfy this obligation by paying $7,742.16 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in Paragraph II below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Sharon Nunamaker as a relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Relief Defendant shall pay the total of disgorgement and prejudgment interest due of $7,742.16 in four installments to the Commission according to the following schedule: (1) $1,935.54, within 14 days following entry of this Final Judgment; (2) $1,935.54 within 120 days following entry of this Final Judgment; (3) $1,935.54 within 240 days following entry of this Final Judgment; and (4) $1,935.54 within 360 days following entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 14 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Relief Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Relief Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## III.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Relief Defendant shall comply with all of the undertakings and agreements set forth therein.

4

## IV.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Relief Defendant, and further, any debt for disgorgement, prejudgment interest, or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**SO ORDERED.**

Dated: Newark, New Jersey
June 9, 2017

Hon. Esther Salas
United States District Judge